**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VALERIE HARRIS,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0908**  (BOR Appeal No. 2051173)
(Claim No. 2015025012)

**ASHTON MEDICAL ASSOCIATES, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Valerie Harris, by Otis Mann Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ashton Medical Associates, Inc., by Jeffrey Carder and Jeffrey Brannon, its attorneys, filed a timely response.

The issue presented in the instant appeal is the rejection of Ms. Harris's claim for workers' compensation benefits. The claims administrator rejected Ms. Harris's application for workers' compensation benefits on May 27, 2015. The Office of Judges affirmed the claims administrator's decision in its Order dated February 22, 2016. This appeal arises from the Board of Review's Final Order dated August 26, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Harris alleges that she fractured her right foot during the course of and resulting from her employment as a radiology technician with Ashton Medical Associates, Inc., on October 10,

1

2014.[1] Immediately following the injury, she received medical treatment from Richard Capito, M.D., who is also Ms. Harris's employer.

On April 7, 2015, Mr. Mann, Ms. Harris's attorney, authored a letter addressed to the claims administrator in which he stated that Ms. Harris's employer, who treated her on the date of injury, has not completed an Employer's Report of Occupational Injury or Disease.[2] Mr. Mann then indicated that he was attaching a copy of the Employer's Report of Occupational Injury or Disease, which was partially completed by Ms. Harris on March 17, 2015. The report indicates that Ms. Harris sustained a fractured sesamoid bone in her right foot when her foot "popped" while she was walking down a corridor at her place of employment on October 10, 2014. The physician's portion of the form was left blank. On April 25, 2015, the claims administrator authored a letter addressed to Mr. Mann stating that an Employee's and Physician's First Report of Injury must be completed by both Ms. Harris and her initial treatment provider in order for the claims administrator to render a compensability decision.

On May 19, 2015, Dr. Capito, Ms. Harris's employer and her initial treatment provider, signed the physician's portion of the Employer's Report of Occupational Injury or Disease, which Ms. Harris previously partially completed. However, an Employee's and Physician's First Report of Injury was never filed by Ms. Harris. The claims administrator rejected Ms. Harris's claim for workers' compensation benefits as untimely filed pursuant to West Virginia Code § 23-4-15(a) (2010) on May 27, 2015.

In its Order affirming the claims administrator's decision, the Office of Judges held that Ms. Harris failed to properly file a claim for workers' compensation benefits. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 26, 2016. On appeal, Ms. Harris asserts that Dr. Capito's delay in completing the Employer's Report of Occupational Injury or Disease caused the rejection of her claim for workers' compensation benefits by the claims administrator.

The Office of Judges found that Ms. Harris failed to timely file a claim for workers' compensation benefits utilizing the appropriate form prescribed by the claims administrator. West Virginia Code § 23-4-15(a) mandates that an application for workers' compensation benefits be filed utilizing the appropriate form prescribed by the claims administrator within six months of the date of injury. The Office of Judges noted that pursuant to West Virginia Code § 23-4-15(a), Ms. Harris was required to file a proper application for workers' compensation benefits by April 10, 2015. However, the Office of Judges found that Ms. Harris submitted only an Employer's Report of Occupational Injury or Disease, which she completed herself, rather than an Employee's and Physician's First Report of Injury, which is the form prescribed by the claims administrator as necessary to initiate a claim for workers' compensation benefits. The

---

[1] We note that the evidentiary record does not contain any medical evidence. We further note that Ms. Harris did not submit any evidence, aside from the Orders below, in support of her appeal.

[2] Ms. Harris completed a form designated for internal use by Brickstreet Mutual Insurance Company, we note, however, that the workers' compensation insurer for Ashton Medical Associates, Inc., is Travelers Property Casualty Company of America.

Office of Judges took note of Ms. Harris's argument that Dr. Capito did not immediately complete the Employer's Report of Occupational Injury or Disease. However, the Office of Judges found that the evidentiary record indicates that Ms. Harris received medical treatment from multiple providers, any of which could have completed the documentation. Further, we note that despite receiving specific instructions from the claims administrator regarding the appropriate documentation necessary to initiate a claim for workers compensation benefits, Ms. Harris has never submitted the appropriate documentation prescribed by the claims administrator as necessary for the initiation of a workers' compensation claim. Finally, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3